Eric D. Houser (SBN 130079)
Amy E. Starrett (SBN 256204)
Email: astarrett@houser-law.com
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, CA 92618
Tel: (949) 679-1111
Fax: (949) 679-1112

Attorneys for Defendants Ocwen Loan Servicing, LLC; U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX, Mortgage Pass-Through Certificates, Series 2006-16AX; and Western Progressive Trustee, LLC dba Western Progressive, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| THE BARBARA A. SINATRA LLC; and JOHN DAVID THOMAS, <br><br> Plaintiffs, <br><br> vs. <br><br> OCWEN LOAN SERVICING, LLC; WESTERN PROGRESSIVE, LLC; U.S. BANK NATIONAL ASSOCIATION, and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO: 8:14-cv-01607-JLS-AN <br><br> *Hon. Josephine L. Staton* <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Fed. R. Civ. P. 12(b)(6)] <br><br> *[Filed concurrently with Request for Judicial Notice]* <br><br> Date: December 5, 2014 <br> Time: 2:30 p.m. <br> Courtroom: 10A |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 5, 2014 at 2:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled court, located at 411 West Fourth Street, Santa Ana, CA 92701, Defendants Ocwen Loan Servicing, LLC ("Ocwen"); U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX, Mortgage Pass-Through Certificates, Series 2006-16AX erroneously sued herein as U.S. Bank National Association ("U.S. Bank, as Trustee"); and Western Progressive Trustee, LLC dba Western Progressive, LLC sued herein as Western Progressive, LLC ("Western") (hereinafter collectively "Defendants") will and hereby do move this Court to dismiss Plaintiffs The Barbara A. Sinatra LLC and John David Thomas (together, "Plaintiffs") Complaint against Defendants, with prejudice.

This motion is based upon the attached memorandum of points and authorities, the request for judicial notice filed concurrently herewith, all papers and documents on file with the Court concerning this action, as well as any oral argument that may be presented at the time of any hearing. The grounds for this motion are that (i) Plaintiffs have failed to state a claim against Defendants upon which relief can be granted, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6); (ii) the defects in the Complaint are such that they are incurable and the Complaint is not subject to effective amendment; and (iii) Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. Accordingly, the Complaint and each of the claims brought against Defendants therein should be dismissed with prejudice.

This motion is made following the conference with counsel pursuant to L.R. 7-3 which took place on October 28, 2014.

//

| | | |
|---|---|---|
| 1 | Dated: October 28, 2014 | HOUSER & ALLISON<br>A Professional Corporation |
| 2 | | |
| 3 | | /s/ Amy E. Starrett<br>Amy E. Starrett |
| 4 | | Attorneys for Defendants Ocwen Loan Servicing, LLC; U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX, Mortgage Pass-Through Certificates, Series 2006-16AX; and Western Progressive Trustee, LLC dba Western Progressive, LLC |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................ 2

   A. The Loan and Deed of Trust ............................................................................. 2

   B. Adjudicative History ......................................................................................... 2

III. ANALYSIS ................................................................................................................ 3

   A. Plaintiffs Lack Standing to Pursue the Claims in the Complaint ..................... 3

   B. The First Cause of Action for Declaratory Relief Fails Because Plaintiffs Fail to Allege an Actual Controversy ..................................................................... 4

   C. The Second Cause of Action for Breach of Contract Fails to State a Cause Upon Which Relief Can Be Granted .................................................................. 6

   D. The Third Cause of Action for Injunctive Relief Fails Because Plaintiffs Fail to State an Underlying Claim for Relief. ............................................................ 7

      1. Plaintiffs Lack Standing to Challenge the Assignment of the Loan ........... 7

      2. There is No Right of Action for Plaintiffs to Challenge the Authority to Foreclose. ........................................................................................................ 8

   E. The Fourth Cause of Action for Unfair Business Practices Fails to State a Cause of Action ................................................................................................... 9

   F. Western's Conduct is Privileged and Western is Immune From Liability Based on the Facts Alleged in the Complaint ................................................... 10

V. CONCLUSION ......................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Anolik v. Bank of America Loans* (E.D.Cal. April 21, 2011, No. 11-00406) 2011 WL 1549291, *3 .................................................................................................... 4

*Apostol v. CitiMortgage, supra,* (N.D.Cal. Nov. 21, 2013, No. 13-01983) 2013 WL 6328256 .................................................................................................... 8

*Armstrong v. Chevy Chase Bank, FSB* (N.D. Cal. Oct. 3, 2012, No. 11-05664) 2012 WL 4747165, at *2-3 ...................................................................... 8

*Ball v. FleetBoston Financial Corp.* (2008) 164 Cal.App.4th 794, 800 .................. 5

*Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82 ............ 5

*Block v. Tobin* (1975) 45 Cal.App.3d 214, 221 ....................................................... 4

*Californians For Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 228 10

*Cleveland v. Deutsche Bank Nat. Trust Co.* (S.D. Cal. Feb. 2, 2009, No. 08cv0802) 2009 WL 250017, at *2 ............................................................... 3

*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 ............... 8

*Deerinck v. Heritage Plaza Mortg. Inc.* (E.D. Cal. Mar. 30, 2012, No. 11-01735) 2012 WL 1085520, at *5 & n.10 .................................................................... 8

*Gantman v. United Pac. Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566 ..................... 3

*Hafiz v. Aurora Loan Servs.* (N.D. Cal. July 14, 2009, No. C 09-1963) 2009 WL 2029800, at *2 ............................................................................................. 5

*Hale v. World Sav. Bank* (E.D. Cal. Oct. 1, 2012, No. 12-1462) 2012 WL 4675561, at *6 ............................................................................................... 8

*Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307 ..................... 6

*Hatchwell v. Blue Shield of Cal.* (1988) 198 Cal.App.3d 1027, 1034 ..................... 3

*Ingels v. Westwood One Broad-Casting Services, Inc.* (2005) 129 Cal.App.4th 1050, 1060 .......................................................................................................... 10

*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 514-515 .... 8

*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 333-34 ................................. 11

*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619 .................... 9

*Kwikset Corp. v. Super. Ct.* (2011) 51 Cal.4th 310, 322 ........................................ 10

*McLaughlin v. Wells Fargo Bank, N.A.* (C.D. Cal. Nov. 30, 2012, No. 12-1114) 2012 WL 5994924, at *4 .......................................................................................... 8

*Monolith Portland Cement Co. v. Tendler* (1962) 206 Cal.App.2d 800, 806 .......... 4

*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821 ........................... 6

*Otay Land Co. v. Royal Indem. Co.* (2008) 169 Cal.App.4th 556, 562 ................... 5

*Otworth v. Southern Pacific Transp. Co.* (1985) 166 Cal.App.3d 452, 459 ............ 6

*Roemer v. Retail Credit Co.* (1975) 44 Cal.App.3d 926, 936 ................................ 11

*Sami v. Wells Fargo Bank* (N.D. Cal. Mar. 21, 2012, No. 12-00108) 2012 WL967051, at *6 ..................................................................................................... 7

*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 164 ......................................... 7

*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179 ....................................... 5

*Tiburon v. Northwestern P.R. Co.* (1970) 4 Cal.App.3d 160, 179 .......................... 7

*Twaite v. Allstate Ins. Co.* (1989) 216 Cal.App.3d 239, 252-253 ............................ 6

*Winter v. National Resources Defense Council, Inc.* (2008) 129 S.Ct. 365, 374 .... 7

*Wise v. Southern Pacific Co.* (1963) 223 Cal.App.2d 20, 59 ................................... 6

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................. 10

California Civil Code § 2924(b) ............................................................................. 11

California Civil Code § 2924(d) .................................................................................. 10

Code Civ. Proc. § 367 .................................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs are strangers to the deed of trust which is the subject of this action. Plaintiffs file this action on the heels of their dismissal of an identical state court action, which they dismissed just two days before the hearing on Defendant Ocwen's Demurrer to the First Amended Complaint. This nearly identical action once again seeks to postpone the valid foreclosure of real property located at 2 Fair Oaks, Laguna Niguel, CA ("Property), and once again each claim fails.

First, Plaintiffs' declaratory relief cause of action fails as Plaintiffs cannot demonstrate an actual controversy between Plaintiffs and Defendants arising from the loan. To the extent the claim seeks an accounting, the claim would still fail as Plaintiffs do not allege that Defendants owe any money to Plaintiffs. Second, the breach of contract claim fails as the Complaint fails to attach the purported contract which was breached, and furthermore, Plaintiffs are not a party to the loan and thus cannot allege any breach of any contract to which they are not a party. Third, the injunctive relief claim fails because at best it appears to be based on uniformly rejected theories of "transfer of ownership," "show me the note" or "securitization" to challenge foreclosure proceedings. As an unrelated third party to the transfers of the beneficial interest under the loan, Plaintiffs lack standing to challenge these transactions. Finally, the fourth cause of action for Unfair Business Practices fails to articulate any basis whatsoever for relief as it relies on the other claims, which all fail.

The entire Complaint and each purported cause of action contained therein fails to state a claim upon which relief can be granted against Defendants. As this is the Plaintiffs third time as attempting to plead a cause of action against Defendants, the Motion to Dismiss is properly granted without leave to amend.

//

## II. STATEMENT OF FACTS

### A. The Loan and Deed of Trust

On or about August 8, 2006, Barbara Sinatra ("Borrower") obtained a loan from Sea Breeze Financial Services, Inc. in the amount of $888,000.00 (the "Loan") to purchase the real property commonly known as 2 Fair Oaks, Laguna Niguel, CA ("Property"). The Loan is memorialized by a note ("Note") and secured by a deed of trust, which was recorded in the Official Records of Orange County on August 29, 2006 ("Deed of Trust"). (See Request for Judicial Notice ("RJN") Ex. 1.)

On May 8, 2008, a Notice of Default was recorded, indicating that as of May 8, 2008, the Borrower was in default on the Loan in the amount of $45,876.75. (RJN, Ex. 2.) A formal assignment of the Loan was memorialized by assignment recorded on October 5, 2012 to U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX, Mortgage Pass-Through Certificates, Series 2006-16AX. (RJN, Ex. 3.) On November 25, 2013, a Substitution of Trustee was recorded whereby Western Progressive, LLC was substituted as Trustee under the Deed of Trust. (RJN, Ex. 4.) On January 21, 2014, a Notice of Rescission of the May 8, 2008 Notice of Default was recorded. (RJN, Ex. 5.) On January 22, 2014, Western Progressive, LLC recorded a Notice of Default, indicating that as of January 15, 2014, the Borrower was in default on the Loan in the amount of $545,861.49. (RJN, Ex. 6.) To date, no sale has taken place.

### B. Adjudicative History

On April 21, 2014, Plaintiff Barbara A. Sinatra, LLC filed a Complaint for declaratory relief, statutory violations in foreclosure process, injunctive relief, and unfair business practices in the Superior Court of California, County of Orange. (RJN, Ex. 7.) On June 27, 2014 the state court sustained the Demurrer with 15 days

leave to amend. (RJN, Ex 8.) On or around July 15, 2014 a First Amended Complaint ("FAC") was filed. (RJN, Ex 9.) Defendant Ocwen filed a Demurrer to the FAC on August 12, 2014, which was set for hearing on September 12, 2014. On September 10, 2014, two days before the hearing on the Demurrer to the FAC, counsel for Plaintiffs filed a dismissal of the entire action without prejudice. (RJN, Ex 10.)

On October 3, 2014 Plaintiffs filed this action which is based on the same claims as those in the state court action.

## III. ANALYSIS

### A. Plaintiffs Lack Standing to Pursue the Claims in the Complaint

Plaintiffs lack standing to assert the claims alleged in the Complaint because they are not a party to the Loan. "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." (Code Civ. Proc. § 367.) "Generally, the person possessing the right sued upon by reason of the substantive law is the real party in interest." *Gantman v. United Pac. Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566, internal quotes omitted. "It follows that '[s]omeone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party." *Id.*, citing *Hatchwell v. Blue Shield of Cal.* (1988) 198 Cal.App.3d 1027, 1034.

Here, the trustor on the Loan is "Barbara Sinatra, an unmarried woman." (RJN, Ex. 1.) Thus, each of Plaintiffs' claims for relief fail as a matter of law because Plaintiffs are not a party to or obligated under the Loan. *See Cleveland v. Deutsche Bank Nat. Trust Co.* (S.D. Cal. Feb. 2, 2009, No. 08cv0802) 2009 WL 250017, at *2 [Plaintiff, who sued for violation of TILA, injunctive relief, statutory damages, fraud, accounting, cancellation of instruments, quiet title and declaratory relief, was a non-borrower who lacked standing to assert any claim.].

The Complaint does not allege that Plaintiffs have assumed any of the obligations under the Loan in writing and with the lender's consent, as required by the Deed of Trust. Rather, the Complaint alleges that Plaintiff "THE BARBARA A. SINATRA, LLC ("Owner") is a California limited liability company whose principal asset, the subject property, is located in this County of Orange, California." (Complaint, ¶ 2.) As for Plaintiff John David Thomas, the Complaint alleges that he "is the son of and designated Executor of the estate of Barbara Sinatra, the former owner of the Property. Thomas claims an indirect beneficial interest in Owner, and is responsible for it day-to-day management." (*Ibid.*) A party who is neither an assignee nor successor in interest of the trustor lacks standing to assert the trustor's rights against the foreclosing parties. *Block v. Tobin* (1975) 45 Cal.App.3d 214, 221, citing *Monolith Portland Cement Co. v. Tendler* (1962) 206 Cal.App.2d 800, 806. A non-borrower plaintiff who obtains title to property via a recorded grant deed…but fails to formally assume the loan, lacks standing to challenge the foreclosure. *Anolik v. Bank of America Loans* (E.D.Cal. April 21, 2011, No. 11-00406) 2011 WL 1549291, *3.

Plaintiffs are not parties to the Loan and did not assume the Loan obligations. Accordingly, they lack standing to bring the instant action.

B. <u>The First Cause of Action for Declaratory Relief Fails Because Plaintiffs Fail to Allege an Actual Controversy</u>

The first cause of action seeks declaratory relief regarding the amounts owed under the Loan. (Complaint, ¶ 15.) The cause of action for declaratory relief fails to show an actual controversy between Plaintiffs and Defendants. An action for declaratory relief must set forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that the rights and duties be adjudged. (Code Civ. Proc. §

1060.) The fundamental basis of an action for declaratory relief is the existence of an actual, present controversy over a proper subject. *Otay Land Co. v. Royal Indem. Co.* (2008) 169 Cal.App.4th 556, 562.

As discussed above, Plaintiffs lack standing to pursue any claim arising out of the Loan because Plaintiffs are not a party to the Loan and did not assume the loan obligations. Thus, Plaintiffs fails to sufficiently identify a controversy regarding the terms of the Loan or Deed of Trust.

To the extent this cause of action seeks an accounting, Plaintiffs' alleged confusion as to the amount owed under the Loan is insufficient to state a claim against Defendants. "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179. Here, Plaintiffs do not allege that any Defendant owes any sum to Plaintiffs. Rather, Plaintiffs seeks a determination "as to the amount of arrearages and other charges required to reinstate the loan." (Complaint, ¶ 15.) Plaintiffs cannot maintain a claim to determine how much money is owed to any Defendant. *See Hafiz v. Aurora Loan Servs.* (N.D. Cal. July 14, 2009, No. C 09-1963) 2009 WL 2029800, at *2 [plaintiff cannot maintain a claim for an accounting to determine how much money she owes defendant].

Further, declaratory relief is not an independent claim, but rather a form of equitable relief. *Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82. Thus, a dismissal of a claim for declaratory relief is proper where the claim is wholly derivative of other non-viable claims. *Ball v. FleetBoston Financial Corp.* (2008) 164 Cal.App.4th 794, 800. Because Plaintiffs' remaining claims fail, dismissal of its claim for declaratory relief is also proper.

## C. The Second Cause of Action for Breach of Contract Fails to State a Cause Upon Which Relief Can Be Granted

The elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821. The Complaint alleges that "[w]ithin the four years last past, defendants or the predecessors in interest of defendants OCWEN and USB agreed in writing to a loan modification reducing plaintiff's principal balance, interest rate, and monthly payments. They sent to Thomas a contract document they had prepared for his signature. Thomas signed and returned the document to said predecessors in interest." (Complaint, ¶18.)

To state a cause of action for breach of written contract, a complaint must set forth the terms of the contract verbatim or attach a copy of the contract and incorporate it by reference. *Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307; *Twaite v. Allstate Ins. Co.* (1989) 216 Cal.App.3d 239, 252-253 (failure to identify material terms of a contract renders the cause of action fatally defective); *Otworth v. Southern Pacific Transp. Co.* (1985) 166 Cal.App.3d 452, 459; *Wise v. Southern Pacific Co.* (1963) 223 Cal.App.2d 20, 59. As discussed above, the Plaintiffs are not a party to the Loan (Complaint, ¶ 2; RJN, Ex. 1). Accordingly, what contract of the Plaintiff's which they were purportedly offered a reduction of is unknown. Further, the purported loan modification is not attached to the Complaint, nor is the terms of the contract recited verbatim.

As such, Plaintiffs' claim for "breach of contract" must be dismissed because Plaintiffs' have not attached the purported contracts, nor have they set forth verbatim all material terms of the alleged agreements.

//

### D. The Third Cause of Action for Injunctive Relief Fails Because Plaintiffs Fail to State an Underlying Claim for Relief.

Plaintiffs' third cause of action for injunctive relief is barred as a matter of law because it is not an actual cause of action. "Injunctive Relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 164. An injunction cannot be issued unless the applicant has satisfied the Court that equity requires the use of this extraordinary remedy. *See Tiburon v. Northwestern P.R. Co.* (1970) 4 Cal.App.3d 160, 179. Plaintiffs bear the burden of showing that they are likely to succeed on the merits of their claims. *Winter v. National Resources Defense Council, Inc.* (2008) 129 S.Ct. 365, 374.

Here, Plaintiffs seek injunctive relief based on allegations that "the requisite formalities for assignment or other transfer of the Note, Deed of Trust, and the right to act as loan servicer and trustee have not been followed, and none of the defendants has a current right to conduct a nonjudicial foreclosure of the Property." (Complaint, ¶ 26.) The Complaint pleads no facts in support of this statement. These allegations are insufficient to state a claim for relief against Defendants.

#### 1. Plaintiffs Lack Standing to Challenge the Assignment of the Loan.

California courts (both state and federal) have repeatedly invoked the principle that only intended third-party beneficiaries can sue to challenge the contract parties' breach, and therefore have repeatedly held that borrowers may not pursue claims premised on a breach of a pooling and servicing agreement because borrowers are not parties to these agreements and the agreements are not expressly for the borrowers' benefit. *Sami v. Wells Fargo Bank* (N.D. Cal. Mar. 21, 2012, No. 12-00108) 2012 WL967051, at *6 ("[T]he court finds that she lacks standing

to do so because she is neither a party to, nor a third party beneficiary of, [the PSA],"); *Hale v. World Sav. Bank* (E.D. Cal. Oct. 1, 2012, No. 12-1462) 2012 WL 4675561, at *6 (same); *Armstrong v. Chevy Chase Bank, FSB* (N.D. Cal. Oct. 3, 2012, No. 11-05664 ) 2012 WL 4747165, at *2-3 (same); *McLaughlin v. Wells Fargo Bank, N.A.* (C.D. Cal. Nov. 30, 2012, No. 12-1114) 2012 WL 5994924, at *4 (same); *Deerinck v. Heritage Plaza Mortg. Inc.* (E.D. Cal. Mar. 30, 2012, No. 11-01735) 2012 WL 1085520, at *5 & n.10 (same). Further, the matter of *Apostol v. CitiMortgage, supra,* (N.D.Cal. Nov. 21, 2013, No. 13-01983) 2013 WL 6328256 ruled that individuals who are not a party to a pooling and servicing agreement cannot base any wrongful foreclosure related claim on a deficiency in the process.

Plaintiffs, who are not even borrowers to the Loan, certainly lack standing to challenge the assignment as they are not a party to the pooling and servicing agreement. Furthermore, even if invalid assignments or transfers of the promissory note occurred, "the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note." *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 514-515. Thus, as unrelated third parties to the transfers of the beneficial interest under the promissory note, Plaintiffs lack standing to challenge these transactions, and cannot articulate any prejudice which could have resulted from such a transaction.

### 2. There is No Right of Action for Plaintiffs to Challenge the Authority to Foreclose.

There is no right of action which exists that would allow Plaintiffs to challenge the authority to foreclose. The *Court in Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149 determined no cause of action exists

under California law to challenge a foreclosing party's purported lack of authority to foreclose as the owner of a promissory note. The Court stated "nowhere does the [California foreclosure statutes] provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for imply such an action." *Id.* at p. 1155. Also, "[t]he recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delay[]." *Ibid.* To bring an action challenging whether foreclosure was authorized by the owner of the note, a plaintiff must allege a "factual basis" for the claim and must go further than a mere "speculative suit." *Id.* at p. 1156.

Plaintiffs' hollow claim that "none of the defendants has a current right to conduct a nonjudicial foreclosure" fails as a matter of law. Accordingly, Plaintiffs have not, and cannot make a sufficiently strong showing of likelihood of success on the merits. In light of the foregoing, Plaintiffs' claim for injunctive relief fail.

### E. The Fourth Cause of Action for Unfair Business Practices Fails to State a Cause of Action

Plaintiffs fail to properly plead a California Business & Professions Code section 17200 ("UCL") violation with reasonable particularity. "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619. Plaintiffs have failed to allege a valid claim for relief for reasons both parallel to prior claims, and specific to the applicable code section at issue.

//

First, Plaintiffs lack standing to assert a claim under UCL. As amended by Proposition 64, the UCL limits standing in a section 17200 action to certain specified public officials and "any person who has suffered injury in fact and has lost money or property as a result of ... unfair competition." *Californians For Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 228. To satisfy the narrower standing requirements, a party must now (1) establish an economic injury and (2) show that the economic injury was caused by the unfair business practice. *Kwikset Corp. v. Super. Ct.* (2011) 51 Cal.4th 310, 322. Plaintiffs, who are not even borrowers on the loan, fail to assert the requisite harm.

Second, Plaintiffs fail to plead any "unlawful, unfair, or fraudulent business act or practice" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17200. Plaintiffs' UCL claim relies entirely on allegations elsewhere in the Complaint. In cases where the allegedly unlawful practice is based on the violation of another, "borrowed" law, the extinguishment of the "borrowed" violation extinguishes the UCL claim. *Ingels v. Westwood One Broad-Casting Services, Inc.* (2005) 129 Cal.App.4th 1050, 1060.

Accordingly, the fourth cause of action fails and is properly dismissed.

### F. Western's Conduct is Privileged and Western is Immune From Liability Based on the Facts Alleged in the Complaint

The entirety of Western's conduct as alleged in the Complaint is contained in paragraph 14, which alleges that "...Western, acting on behalf of the beneficiary, have from time to time made inconsistent claims as to the amount by which Owner is in arrears..." (Complaint, ¶14.) California Civil Code section 2924(d) deems the statutorily required mailing, publication and delivery of notices in nonjudicial foreclosures – and the performance of statutory nonjudicial foreclosure procedures – to be privileged communications under the qualified

1  common-interest privilege of California Civil Code section 47(c)(1). *Kachlon v.*
2  *Markowitz* (2008) 168 Cal.App.4th 316, 333-34 holding that a foreclosure
3  trustee's recording of a notice of default is privileged). Furthermore, California
4  Civil Code section 2924(b) codifies the following privilege for trustees:

> In performing acts required by this article, the trustee
> shall incur no liability for any good faith error resulting
> from reliance on information provided in good faith by
> the beneficiary regarding the nature and the amount of
> the default under the secured obligation, deed of trust, or
> mortgage.

Under this statutory scheme, Western cannot be liable for undertaking privileged conduct unless it acted with actual malice. (*Ibid.* (concluding that a plaintiff would have to demonstrate that a foreclosure trustee acted ***with malice*** to overcome the trustee's immunity)). "The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated be hatred or ill will toward the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Roemer v. Retail Credit Co.* (1975) 44 Cal.App.3d 926, 936 (italics in original).

The purported act by Western of providing inconsistent claims as to the amounts in arrears on payments under the note by the borrower (Complaint, ¶14), who is notably not even a party to this lawsuit, are plainly limited to actions taken as trustee under the deed of trust, and are thus privileged. Plaintiffs fail to identify any fact that would indicate malice or bad faith. Western is immune from liability on the facts alleged and, therefore, the entire Complaint against Western should be dismissed with prejudice.

//

## V. CONCLUSION

The Complaint, due to the two prior complaints filed in state court, represent Plaintiffs' third attempt to plead an actionable claim against Defendants. Defendants respectfully request that the Court grant the Motion to Dismiss, and dismiss all causes of action against Defendants with prejudice.

Dated: September 28, 2014            HOUSER & ALLISON
                                     A Professional Corporation


                                     /s/ Amy E. Starrett
                                     Amy E. Starrett
                                     Attorneys for Defendant Ocwen Loan
                                     Servicing, LLC; U.S. Bank National
                                     Association, as Trustee for Morgan Stanley
                                     Mortgage Loan Trust 2006-16AX, Mortgage
                                     Pass-Through Certificates, Series 2006-
                                     16AX; and Western Progressive Trustee,
                                     LLC dba Western Progressive, LLC

MOTION TO DISMISS
12

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) SS
COUNTY OF ORANGE       )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On October 27, 2014, I served the following document(s) described as follows:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

On the following interested parties in this action:

**David G. Epstein**
**The David Epstein Law Firm**
**PO Box 4858**
**Laguna Beach, CA 92652-4858**

[X]   VIA FIRST CLASS MAIL—CCP §§ 1013(a); 2015.5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed On October 27, 2014 at Irvine, California.

/s/ Tami Krogle
Tami Krogle